# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-07-00286-CV

**Phillicia C. Lee, Appellant**

**v.**

**Unifund CCR Partners as Assignee of Texas Tech University, Appellee**

### FROM THE COUNTY COURT AT LAW NO. 2 OF TRAVIS COUNTY
### NO. C-1-CV-06-002423, HONORABLE J. DAVID PHILLIPS, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Appellant Phillicia C. Lee appeals the county court's grant of summary judgment against her, based in part on deemed admissions, arguing that summary judgment was improper because there were disputed issues of material fact. We affirm the county court's judgment.

On April 13, 2006, appellee, Unifund CCR Partners as Assignee of Texas Tech University (Unifund), brought suit against Lee on unpaid credit card debt. Incorporated in Unifund's petition, which was entitled Plaintiff's Original Petition, Request for Disclosures and Request for Admissions, were requests for admissions. Lee filed her general denial on May 23, 2006, but neither responded nor objected to the discovery requests. On January 22, 2007, Unifund filed its motion for summary judgment based on deemed admissions and the affidavit of Angela Freckman, a Unifund representative. After hearing the motion on March 29, 2007, the county court granted the motion and entered judgment in favor of Unifund on April 5, 2007.

In three issues, Lee argues that Unifund's requests for admissions were improperly served and, thus, could not support Unifund's motion for summary judgment. In addition, Lee argues that, even if the requests for admissions were properly served, Lee's general and verified denials amounted to a denial of Unifund's requests. Finally, because summary judgment was improper, Lee argues, the county court's award of attorneys' fees should also be reversed.

We review the county court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). Summary judgment is proper when there are no disputed issues of material fact and the movant is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c). When reviewing a summary judgment, we take as true all evidence favorable to the non-movant, and we indulge every reasonable inference and resolve any doubts in the non-movant's favor. *Valence Operating Co.*, 164 S.W.3d at 661; *Knott*, 128 S.W.3d at 215.

Texas Rule of Civil Procedure 198 governs the form and content of requests for admissions. *See* Tex. R. Civ. P. 198. Lee complains of the form in which the requests for admissions were served—she seems to concede that serving the requests simultaneously with the petition was permissible, but argues that including the requests in a single document with the petition was impermissible. Lee, however, raised no objection to the form of Unifund's requests before the county court, as required by the rules of civil procedure.

The rules require a party to make complete responses to written discovery requests:

> A party must respond to written discovery in writing within the time provided by court order or these rules. When responding to written discovery, a party must make a complete response, based on all information reasonably available to the responding party or its attorney at the time the response is made. The responding party's

2

answers, objections, and other responses must be preceded by the request to which they apply.

*Id.* 193.1.  If a party is asserting an objection and refusing to respond, he must do so in writing:

> Form and time for objections.  A party must make any objection to written discovery in writing - either in the response or in a separate document - within the time for response.  The party must state specifically the legal or factual basis for the objection and the extent to which the party is refusing to comply with the request.

*Id.* 193.2(a).  If the party fails to object, he waives his objection:

> Waiver of objection.  An objection that is not made within the time required, or that is obscured by numerous unfounded objections, is waived unless the court excuses the waiver for good cause shown.

*Id.* 193.2(e)

Lee's argument rests on her assertion that Unifund's requests for admissions were improperly served as part of Unifund's petition.  Lee, however, never objected to Unifund's requests for admissions and never sought a ruling on such an objection.  She simply failed to respond.  Under such circumstances, Lee's complaint is waived.  *See id.*  Accordingly, Unifund's requests for admissions were properly deemed admitted, *see id.* 198.29(c), and we overrule Lee's first point of error.[1]

---

[1] Having found that Lee waived her objection to Unifund's requests for admissions, we need not determine, as Lee contends, whether "Imbedding Requests for Admissions in a Petition Violate[s] Texas Rules of Civil Procedure."

Lee next contends that, even if Unifund's requests for admissions were properly served, Lee's general denial had the effect of denying each of the admissions in Unifund's requests. While Lee is correct in her assertion that "[a] general denial puts at issue everything in the plaintiff's petition that is not required to be denied under oath or specifically denied," *see Shell Chem. Co. v. Lamb*, 493 S.W.2d 742, 744 (Tex. 1973), Lee cannot rely on such denial as a form of response to written discovery requests. Specifically, when responding to requests for admissions, a party must:

> specifically admit or deny the request or explain in detail the reasons that the responding party cannot admit or deny the request. A response must fairly meet the substance of the request. The responding party may qualify an answer, or deny a request in part, only when good faith requires. Lack of information or knowledge is not a proper response unless the responding party states that a reasonable inquiry was made but that the information known or easily obtainable is insufficient to enable the responding party to admit or deny. An assertion that the request presents an issue for trial is not a proper response.

Tex. R. Civ. P. 198.2(b). Even if the subject of a request has been put "in issue" by a general denial, that issue can—and must—later be determined in favor of one party or another—whether that determination be made before trial, as here, through deemed admissions, through a pretrial dispositive motion, or at trial. If this were otherwise, the merits of a lawsuit would be finally determined the moment the defendant filed his general denial. Regardless, even if Lee's answer put the subject matter of the requests for admissions "in issue," the general denial cannot and does not constitute a proper response or objection as required by Rule 198.2(b). *See id.* Accordingly, we hold that Lee's general and verified denials were insufficient to constitute either objections or responses to Unifund's requests for admissions pursuant to Rule 198.2(b), and we overrule Lee's second point of error.

In her third point of error, Lee contends that, because the county court's granting of summary judgment was improper, the county court's award of attorneys' fees in favor of Unifund should be reversed. Having overruled Lee's first two points of error, concluding that Unifund's deemed admissions were competent summary judgment evidence and that Lee's general denial was insufficient to controvert such evidence, we, likewise, overrule Lee's third point of error.

Having found Unifund's requests for admissions to be competent summary judgment evidence, no disputed issue of fact remains, and we affirm the judgment of the county court.

_____

G. Alan Waldrop, Justice

Before Chief Justice Law, Justices Waldrop and Henson

Affirmed

Filed:  August 15, 2008

5